UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
SAM WORRELL,

                             Plaintiff,

       v.

76 FULTON STREET LLC AND 76 FULTON ST.
CUBAN, LLC,

                             Defendants.

---------------------------------------------------------------x

CV

COMPLAINT

JURY TRIAL REQUESTED

## COMPLAINT

Plaintiff Sam Worrell (hereafter referred to as "Plaintiff"), by counsel, Hanski Partners LLC, as and for the Complaint in this action against Defendants 76 Fulton Street LLC and 76 Fulton St. Cuban, LLC (together referred to as "Defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1. This lawsuit opposes pervasive, ongoing, and inexcusable disability discrimination by the Defendants.  In this action, Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages and attorney's fees, costs, and expenses to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et seq.* and its implementing regulations, the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive Law"), the New York State Civil Rights Law, § 40 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New York ("Administrative Code").

2.      As explained more fully below, Defendants own, lease, lease to, operate, and control a place of public accommodation that violates the above-mentioned laws. Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

3.      These Defendants made a financial decision to ignore the explicit legal requirements for making their place of public accommodation accessible to persons with disabilities – all in the hopes that they would never be caught.  In so doing, Defendants made a calculated, but unlawful, decision that disabled customers are not worthy.  The day has come for Defendants to accept responsibility.

4.      This action seeks to right that wrong via recompensing Plaintiff and making Defendants' place of public accommodation fully accessible so that Plaintiff can finally enjoy the full and equal opportunity that Defendants provide to non-disabled customers.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.

6.      This Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and Defendants' place of public accommodation that is the subject of this action is located in this district.

2

**PARTIES**

8.      At all times relevant to this action, Plaintiff Sam Worrell has been and remains currently a resident of the State and City of New York.

9.      At all times relevant to this action, Plaintiff Sam Worrell has been and remains a wheelchair user.  Plaintiff suffers from medical conditions that inhibit walking and restrict body motion range and movement.

10.      Defendant 76 Fulton Street LLC owns the property located at 76 Fulton Street in New York County, New York (hereinafter referred to as "76 Fulton Street").

11.      At all relevant times, defendant 76 Fulton St. Cuban, LLC operates a fast-casual restaurant serving Cuban food and doing business as Sophie's Cuban.

12.      At all relevant times, defendant 76 Fulton St. Cuban, LLC operates and/or leases from defendant 76 Fulton Street LLC a portion of the ground level retail space at the property located at 76 Fulton Street in which the fast-casual restaurant doing business as Sophie's Cuban is located (hereinafter referred to as the "Sophie's Cuban premises").

13.      Upon information and belief, 76 Fulton Street LLC and 76 Fulton St. Cuban, LLC have a written lease agreement.

14.      Each defendant is licensed to and does business in New York State.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

15.      Each of the Defendants is a public accommodation as they own, lease, lease to, control or operate a place of public accommodation, the Sophie's Cuban premises located at 76 Fulton Street, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102).

3

16.    The Sophie's Cuban premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102) as it is a facility operated by a private entity and its operations affect commerce.

17.    Numerous architectural barriers exist at the Sophie's Cuban premises that prevent and/or restrict access to Plaintiff, a person with a disability, which include, but are not limited to, architectural barriers at the paths of travel.

18.    Upon information and belief, at some time after January 1992, alterations were made to 76 Fulton Street, including areas adjacent and/or attached to 76 Fulton Street.

19.    Upon information and belief, at some time after January 1992, alterations were made to the Sophie's Cuban premises, and to areas of 76 Fulton Street related to the Sophie's Cuban premises.

20.    Prior to being occupied by the fast-casual restaurant doing business as Sophie's Cuban, the Sophie's Cuban premises was occupied by a pizzeria.

21.    Within the three years preceding the filing of this action, Plaintiff attempted to and desired to dine inside the Sophie's Cuban premises.

22.    Plaintiff desired to dine inside the Sophie's Cuban premises because he enjoys its food and wanted the same opportunity as ambulatory patrons to eat his meal at the premises immediately after purchasing it.

23.    Plaintiff also desired to dine inside the Sophie's Cuban premises from time to time because he enjoys dining out.

4

24.     In addition to enjoying Cuban cuisine generally, Plaintiff particularly enjoys the slow-roasted pork with black beans and either white or yellow rice, the chicken empanadas, and the cheese empanadas served at the Sophie's Cuban premises.

25.     Plaintiff also likes to patronize the Sophie's Cuban premises due to the proximity of the premises to his residence.

26.     Plaintiff patronized the Sophie's Cuban premises six or more times in the past year.

27.     Although Plaintiff likes the food served at the Sophie's Cuban premises, he does not like that the Sophie's Cuban premises is not readily accessible to, or usable by him.

28.     Plaintiff does not like that he cannot dine inside the Sophie's Cuban premises due to the inaccessible dining counters and inaccessible tables.

29.     Plaintiff also does not like that he requires assistance to enter the Sophie's Cuban premises due to its inaccessible public entrance.

30.     The services, features, elements and spaces of the Sophie's Cuban premises are not readily accessible to, or usable by Plaintiff as required by the 1991 ADA Standards for Accessible Design codified in 28 C.F.R. Part 36, Appendix D (hereinafter referred to as the "1991 Standards" or the "1991 ADA") or in the 2010 ADA Standards for Accessible Design codified in 36 CFR part 1191 Appendices B and D and 28 CFR part 36 subpart D (hereinafter referred to as the "2010 Standards" or the "2010 ADA").

31.     Because of Defendants' failure to comply with the above-mentioned laws, including but not limited to the NYSHRL, NYCHRL, 1991 Standards or the 2010 Standards and the Administrative Code, Plaintiff was and has been unable to enjoy safe,

equal, and complete access to all of the areas of the Sophie's Cuban premises that are open and available to the public.

32.     Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, the 1968 New York City Building Code, Administrative Code, Title 27 ("1968 BC"), including the 1968 BC Reference Standard ANSI A117.1-1986 ("1968 Ref Std"), the 2008 New York City Building Code ("2008 BC") including the 2008 BC Reference Standard ICC/ANSI A117.1-2003 ("2008 Ref Std"), the 2014 New York City Building Code ("2014 BC") including the 2014 BC Reference Standard ICC/ANSI A117.1-2009 ("2014/2022 Ref Std") and the 2022 New York City Building Code including the 2014/2022 Ref Std.

33.     Barriers to access that Plaintiff encountered and/or which deter Plaintiff from patronizing the Sophie's Cuban premises as well as architectural barriers that exist include, but are not limited to, the following:

I.      An accessible route is not provided from the public street and sidewalk to the public entrance of the Sophie's Cuban premises.
        *Defendants fail to provide that at least one accessible route shall be provided within the site from public streets and sidewalks to the accessible building or facility entrance they serve. See 1991 ADA § 4.1.2(1); 2010 ADA § 206.2.1; 1968 BC§ 27-292.5(b); 2008 BC § 1104.1; 2014 BC § 1104.1; and 2022 BC § 1104.1.*

II.     The public/primary entrance to the Sophie's Cuban premises is not accessible.
        *Defendants fail to provide that at least 50% of all its public entrances are accessible.  See 1991 ADA § 4.1.3(8)(a)(i).*
        *Defendants fail to provide that at least 60% of all its public entrances are accessible.  See 2010 ADA § 206.4.1.*
        *Defendants fail to provide that primary entrances are accessible. See 1968 BC § 27-292.5(a).*
        *Defendants fail to provide that all of its public entrances are accessible. See 2008 BC § 1105.1; 2014 BC § 1105.1; and 2022 BC § 1105.1.*

6

III.    No signage identifies an accessible public entrance to the Sophie's Cuban premises (to the extent Defendants claim they provide an accessible public entrance).

*Defendants fail to display signage (marked with the International Symbol of Accessibility or otherwise) that identifies an accessible entrance. See 1991 ADA §§ 4.1.2(7)(c); 4.1.3(8)(d); and 4.1.6(1)(h); 2010 ADA § 216.6; 1968 BC § 27- 292.18; 2008 BC § 1110; 2014 BC §§ 1101.3.4 and 1110; and 2022 BC §§ 1101.3.4 and 1111.*

IV.    There is no directional signage at the inaccessible public entrance to the Sophie's Cuban premises that indicates the location of an accessible entrance (to the extent Defendants claim they provide an accessible entrance).

*Defendants do not provide and display signage at the inaccessible public entrance (marked with the International Symbol of Accessibility or otherwise) that indicates the location of an accessible entrance. See 1991 ADA §§ 4.1.6(1)(h) and 4.1.3(8)(d); and 2010 ADA § 216.6.*
*Defendants fail to provide directional signage at necessary locations. See 1968 BC § 27-292.18(b).*
*Defendants fail to provide directional signage by the inaccessible entrance indicating the route to the nearest accessible entrance. See 2008 BC § 1110.2; 2014 BC §§ 1101.3.3; and 1110.2; and 2022 BC §§ 1101.3.3; and 1111.2.*

V.    The public entrance door to the Sophie's Cuban premises lacks level maneuvering clearances at the exterior side of the door due to sloping.

*Defendants fail to provide that floor or ground surface within required maneuvering clearances at doors shall have slopes not steeper than 1:48 (2.0%) and changes in level are not permitted. 60 inches perpendicular to the door for 18 inches parallel to the door beyond the latch is required for a forward approach to the pull side of a door, or 54 inches perpendicular to the door for 24 inches parallel to the door beyond the latch is required for a latch approach to the pull side of a door. See 1991 ADA § 4.13.6; 2010 ADA § 404.2.4; 1968 Ref Std § 4.13.6; 2008 Ref Std § 404.2.3; and 2014/2022 Ref Std § 404.2.3.*

VI.    The public entrance door to the Sophie's Cuban premises lacks maneuvering clearances of 18 inches parallel to the door beyond the latch at the exterior side of the door due to the adjacent storefront wall.

*Defendants fail to provide that floor or ground surface within required maneuvering clearances at doors shall have slopes not steeper than 1:48 (2.0%) and changes in level are not permitted. 60 inches perpendicular to the door for 18 inches parallel to the door beyond the latch is required for a forward approach to the pull side of a door, or 54 inches perpendicular to the door for 24 inches parallel to the door beyond the latch is required for a latch approach to the pull side of a door. See 1991 ADA § 4.13.6; 2010 ADA § 404.2.4; 1968 Ref Std § 4.13.6; 2008 Ref Std § 404.2.3; and 2014/2022 Ref Std § 404.2.3.*

7

VII.  The ground surface of the exterior side of the public entrance door to the Sophie's Cuban premises has large and multiple cracks and is not smooth. *Defendants fail to provide floor and ground surfaces that are stable, firm and slip resistant. See 1991 ADA § 4.5.1; 2010 ADA § 302.1; 1968 Ref Std § 4.5.1; 2008 Ref Std § 302.1; and 2014/2022 Ref Std § 302.1.*

VIII.  The public entrance door to the Sophie's Cuban premises has hardware that requires tight grasping. *Defendants fail to provide handles, pulls, latches, locks, and other operable parts that are operable with one hand and do not require tight grasping, pinching, or twisting of the wrist. See 1991 ADA § 4.13.9; 2010 ADA § 404.2.7; 1968 Ref Std § 4.13.9; 2008 Ref Std § 404.2.6; and 2014/2022 Ref Std § 404.2.6.*

IX.  The service counter within the Sophie's Cuban premises is not accessible. *Defendants fail to provide that, where provided, at least one of each type of sales counter and service counter is accessible.  See 1991 ADA § 7.2; 2010 ADA § 227.3; 1968 BC § 27-292.1; 2008 BC § 1109.12.3; 2014 BC § 1109.11.3; and 2022 BC § 1109.12.3.*

X.  The service counter within the Sophie's Cuban premises is more than 36 inches high above the finish floor. *Defendants fail to provide that an accessible portion of the (sales or service) counter surface is 36 inches long minimum and 36 inches high maximum above the finish floor with a clear floor or ground space positioned for a parallel approach adjacent to the accessible portion of the counter. See 1991 ADA § 7.2; 2010 ADA § 904.4.1; 1968 BC § 27-292.1; 2008 Ref Std § 904.3.1; and 2014/2022 Ref Std § 904.3.1.*

XI.  Defendants fail to provide accessible dining surfaces at the Sophie's Cuban premises in sufficient number. *Where dining surfaces for the consumption of food or drink are provided, at least 10 percent of the total number of seating and standing spaces, but not less than one, of each type of dining surfaces shall be accessible and be distributed throughout the facility and located on a level accessed by an accessible route.  See 2022 BC § 1108.2.9.1.* *Defendants fail to provide that at least 5% of the dining surfaces provided to customers are accessible. See 1991 ADA § 5.1; 2010 ADA § 226.1; 1968 BC § 27-292.10(a)(3); 2008 BC § 1109.11; 2014 BC § 1109.10; and 2022 BC § 1109.11.*

XII.  There is no accessible interior seating at the Sophie's Cuban premises *Defendants fail to provide that at least 10% of the dining surfaces provided to customers are accessible.  See 2022 BC §§ 1108.2.9.1 and 1109.11.* *Defendants fail to provide that at least 5% of the dining surfaces provided to customers are accessible. See 1991 ADA § 5.1; 2010 ADA § 226.1; 1968 BC § 27-292.10(a)(3); 2008 BC § 1109.11; and 2014 BC § 1109.10.*

8

XIII. There is no accessible seating at the window dining counter in the Sophie's Cuban premises.
*Where seating is provided at dining or drinking counters, at least one 60 inch (1524 mm) long portion of the counter shall be provided with two accessible seating spaces. Such accessible seating space shall not be located within 40 inches (1016 mm) of either end of the counter, so as to provide individuals with disabilities with the same level of service and experience as that provided to others. See 2022 BC § 1108.2.9.2.*
*Where food or drink is served at counters exceeding 34 inches in height for consumption by customers seated on stools or standing at the counter, a portion of the main counter which is 60 inches in length minimum shall be accessible or service shall be available at accessible tables within the same area. See 1991 ADA §§ 5.1 and 5.2.*
*Defendants fail to provide that where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall be accessible. See 2010 ADA §§ 226.1 and 902.*
*Defendants fail to provide that at least 5 percent of the seating and standing spaces are accessible. See 1968 BC § 27-292.10(a)(3); 2008 BC § 1109.11; and 2014 BC § 1109.10.*

XIV. The window dining counter in the Sophie's Cuban premises exceeds 34 inches in height.
*The tops of accessible dining surfaces shall be 28 inches minimum and 34 inches maximum above the finish floor. See 1991 ADA § 4.32.4; 2010 ADA § 902.3; 1968 Ref Std § 4.30.4; 2008 Ref Std § 902.3; and 2014/2022 Ref Std § 902.4.*

XV. There are no accessible tables at the Sophie's Cuban premises. All tables have chairs and posts/legs that obstruct knee and toe clearances required for a forward approach to the seating.
*Defendants fail to provide (due to chairs, table pedestals or table legs) a clear floor space of 30 inches by 48 inches positioned for a forward approach and the required knee and toe clearance at accessible work surfaces and/or table surfaces. See 1991 ADA § 4.32.2; 2010 ADA § 902.2; 1968 Ref Std § 4.30.2; 2008 Ref Std § 902.2; and 2014/2022 Ref Std § 902.2.*

XVI. Defendants fail to disperse accessible dining surfaces (to the extent Defendants claim they provide accessible table(s)).
*Defendants fail to provide that accessible dining surfaces shall be dispersed throughout the space or facility containing dining surfaces. See 1991 ADA § 5.1; 2010 ADA § 226.2; 2008 BC 1109.11.1; 2014 BC § 1109.10.1; and 2022 BC § 1109.11.1.*

9

XVII.   Accessible tables are not identified by the International Symbol of Accessibility (to the extent Defendants claim they provide accessible table(s)).
*Defendants fail to provide that accessible seating shall be identified by the International Symbol of Accessibility. See 2008 BC § 1110.1(9); 2014 BC § 1110.1(11); and 2022 BC § 1111.1(12).*

XVIII.  The entrance doors are also exits and not accessible as described above.
*Defendants fail to provide accessible means of egress in the number required by the code. See 1991 ADA § 4.1.3(9); 2010 ADA § 207.1; 1968 BC § 27-292.1; 2008 BC § 1007.1; 2014 BC § 1007.1; and 2022 BC § 1009.1.*

34.    Plaintiff either personally encountered or has knowledge of such barriers to access.

35.    Upon information and belief, a full inspection of the Sophie's Cuban premises will reveal the existence of other barriers to access.

36.    To ensure Defendants properly remedy their discriminatory violations and to avoid piecemeal litigation, Plaintiff requires a full inspection of the Sophie's Cuban premises in order to catalogue all of the areas of non-compliance with the ADA.  Notice is therefore given that Plaintiff intends on amending the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

37.    Defendants have denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

38.    Defendants have not satisfied their statutory obligation to ensure that their policies, practices and procedures for persons with disabilities are compliant with the laws.  Nor have Defendants made or provided accommodations or modifications to persons with disabilities.

39.    Plaintiff faces a realistic, credible, and continuing threat of discrimination from the Defendants' non-compliance with the laws prohibiting disability discrimination.

10

The barriers to access at the Sophie's Cuban premises continue to exist and deter Plaintiff.

40.    The Sophie's Cuban premises is located on the Fulton Street commercial corridor of the South Street Seaport neighborhood of Manhattan, New York.

41.    Plaintiff resides in the in the South Street Seaport neighborhood of Manhattan, New York, less than five blocks from the Sophie's Cuban premises.

42.    Plaintiff passes by the Sophie's Cuban premises weekly while he goes about his neighborhood.

43.    Plaintiff likes the food served at the Sophie's Cuban premises.

44.    Plaintiff particularly likes the slow roasted pork with black beans and either white or yellow rice, the chicken empanadas and the cheese empanadas served at the Sophie's Cuban premises.

45.    Plaintiff patronized the Sophie's Cuban premises six or more times in the past year.

46.    Because Plaintiff resides near the Sophie's Cuban premises and likes the food served there, Plaintiff intends to patronize the Sophie's Cuban premises more frequently after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

47.    Plaintiff continues to suffer an injury due to Defendants' maintenance of architectural barriers at the Sophie's Cuban premises.  This is because Plaintiff desires to patronize the Sophie's Cuban premises more often but Defendants deter Plaintiff because they maintain architectural barriers, such as the inaccessible public entrance at the

11

Sophie's Cuban premises that makes it difficult for him to enter and patronize the Sophie's Cuban premises.

48.    Plaintiff also continues to suffer an injury because Defendants fail to provide accessible dining at the Sophie's Cuban premises.  Plaintiff desires to patronize the Sophie's Cuban premises more often but Defendants deter Plaintiff because they maintain architectural barriers, such as their failure to provide accessible dining at the Sophie's Cuban premises.

49.    Plaintiff also continues to suffer an injury because Plaintiff desires to dine at the Sophie's Cuban premises but each time Plaintiff patronizes the Sophie's Cuban premises Defendants deny him the opportunity to do so based on disability because they do not provide accessible dining at the Sophie's Cuban premises.

50.    Defendants discriminate against Plaintiff in violation of the ADA, the NYSHRL and the NYCHRL as they created, maintain and have failed to remove architectural barriers to wheelchair access at the Sophie's Cuban premises.

**FIRST CAUSE OF ACTION**
**(VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)**

51.    Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

52.    Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA.  As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

53.    The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation.  28 C.F.R. 36.201(b).

54.     Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement).  28 C.F.R. 36.201(b).

55.     Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is disabled.  Defendants' policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

56.     By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

57.     The Sophie's Cuban premises is not fully accessible and fails to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

58.     Defendants failed to make alterations accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

59.     The paths of travel to the altered primary function areas were not made accessible in violation of 28 C.F.R. § 36.403.

60.     Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.  It would be readily achievable to make Defendants' place of public accommodation fully accessible.

61.     By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff on the basis of disability in

13

violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

62.    In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

63.    Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R § 36.101 *et seq.*

64.    Defendants have and continue to discriminate against Plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

<u>**SECOND CAUSE OF ACTION**</u>
**(VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)**

65.    Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

66.    Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range.  Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 292(21).

67.    In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed". See Executive Law § 300 [effective date: August 12, 2019].

14

68.     By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

69.     Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because Plaintiff is disabled.

70.     Defendants discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation.  Each of the Defendants has aided and abetted others in committing disability discrimination.

71.     Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

72.     In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(v)).

73.     It would be readily achievable to make Defendants' place of public accommodation fully accessible.

74.     It would not impose an undue hardship or undue burden on Defendants to make their place of public accommodation fully accessible.

75.    As a direct and proximate result of Defendants' unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

76.    Plaintiff experiences humiliation each time he passes by the Sophie's Cuban premises and patronizes or desires to patronize the establishment as he is confronted with the discriminatory exclusion caused by the architectural barriers at the Sophie's Cuban premises.

77.    Plaintiff experiences stress and anxiety knowing that due to disability Defendants exclude him from dining within the Sophie's Cuban premises which they make readily accessible to non-disabled individuals.

78.    Defendants' conduct has deprived Plaintiff of the dignity and equal treatment guaranteed by the NYSHRL.

79.    Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)

80.    Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

81.    Plaintiff suffers from various medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range - and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102).

82.    The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to

16

the NYCHRL.  The Restoration Act confirmed the legislative intent to abolish "parallelism" between the NYCHRL and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be *construed liberally* for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 of the NYCHRL (emphasis added). The Restoration Act is to be construed broadly in favor of Plaintiff to the fullest extent possible.  See also New York City Local Law 35 of 2016.

83.    Defendants have and continue to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).  Each of the Defendants has aided and abetted others in committing disability discrimination.

84.    Defendants have and continue to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

85.    Defendants have and continue to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the New York City Building Code as alleged herein.

86.    Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating and/or maintaining an inaccessible commercial facility/space.

87.    Defendants have subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

88.    Defendants' policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space are a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107 (4)).

89.    Defendants' failure to provide reasonable accommodations for persons with disabilities, inclusive of Defendants' failure to remove the barriers to access identified herein, and their consequent denial of equal opportunity to Plaintiff, constitutes an ongoing continuous pattern and practice of disability discrimination in violation of NYCHRL (Administrative Code §§ 8-107(4) and 8-107(15)).

90.    In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendants have and continue to, aid and abet, incite, compel, or coerce each other in each of the other Defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

91.    Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk.  As a result, 76 Fulton Street LLC continuously controlled, managed, and operated the public sidewalk abutting 76 Fulton Street, which includes the portion of the sidewalk constituting the entrance to Defendants' place of public accommodation.

18

92.     76 Fulton Street LLC's failure to construct and maintain an accessible entrance from the public sidewalk to Defendants' place of public accommodation constitutes disability discrimination in violation of the Administrative Code.

93.     Defendants discriminated against Plaintiff in violation of the NYCHRL (Administrative Code, § 8-107(4)) by maintaining and/or creating an inaccessible public accommodation.

94.     Defendants' conduct also violates the NYCHRL, Administrative Code § 8-107 (17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

95.     Because Defendants' public accommodation is not readily accessible and usable by people with disabilities, Defendants have demonstrated a policy or practice that has a disproportionately negative impact on the disabled (including Plaintiff).

96.     Defendants' conduct constitutes an ongoing and continuous violation of the NYCHRL. Unless Defendants are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law. In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendants' public accommodation.

97.     As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

19

98.    Plaintiff experiences humiliation each time he passes the Sophie's Cuban premises and patronizes or desires to patronize the establishment as he is confronted with the discriminatory exclusion caused by the architectural barriers at the Sophie's Cuban premises.

99.    Plaintiff feels stress and anxiety knowing that due to disability Defendants exclude him from dining within the Sophie's Cuban premises which they make readily accessible to non-disabled individuals.

100.    Defendants' conduct has deprived Plaintiff of the dignity and equal treatment guaranteed by the NYCHRL.

101.    Upon information and belief, Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

102.    By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

103.    Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

104.    By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have

20

lawfully expended to pay for a fully compliant and accessible space.  Defendants'
unlawful profits plus interest must be disgorged.

105.    Plaintiff has suffered and will continue to suffer damages in an amount to
be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)**

106.    Plaintiff realleges and incorporates by reference all allegations previously
set forth in this Complaint as if fully set forth herein.

107.    As set forth in Plaintiff's Second Cause of Action, Plaintiff is an individual
with a disability pursuant to Executive Law § 292(21).

108.    As set forth in Plaintiff's Second Cause of Action, Defendants
discriminated against Plaintiff because of disability in violation of the NYSHRL.

109.    As set forth in Plaintiff's Second Cause of Action, Defendants continue to
subject Plaintiff to discrimination because of disability in violation of the NYSHRL.

110.    Defendants violated and continue to violate Civil Rights Law § 40-c by
subjecting Plaintiff to discrimination in violation of the NYSHRL.

111.    Plaintiff, the individual subjected to discrimination by Defendants, is a
"person aggrieved" pursuant to Civil Rights Law § 40-d.

112.    An entity that violates Civil Rights Law § 40-c is liable for a penalty of
not less than one hundred ($100) dollars nor more than five hundred ($500) dollars, for
each and every violation of section 40-c. Civil Rights Law § 40-d.

113.    The penalty for each and every violation of section 40-c is recoverable by
Plaintiff, as the person aggrieved.

21

114.    Each time Plaintiff desired to dine at the Sophie's Cuban premises but did not do so due to the premises' inaccessibility constitutes a separate violation of the NYSHRL and Civil Rights Law § 40-c.

115.    Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law § 40-d for each and every violation of Civil Rights Law § 40-c.

116.    Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

**INJUNCTIVE RELIEF**

117.    Plaintiff will continue to experience unlawful discrimination as a result of Defendants' failure to comply with the above-mentioned laws.  Therefore, injunctive relief is necessary to order Defendants to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

118.    Injunctive relief is also necessary to make Defendants' facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

119.    Injunctive relief is further necessary to order Defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

**JURY DEMAND**

Plaintiff demands a trial by jury on all claims so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, jointly and severally, in favor of Plaintiff that contains the following relief:

A.  Enter declaratory judgment declaring that Defendants have violated the ADA and its implementing regulations, the NYSHRL, and the NYCHRL and declaring the rights of Plaintiff as to Defendants' place of public accommodation, and Defendants' policies, practices, and procedures;

B.  Issue a permanent injunction ordering **Defendants to close and cease all business** until Defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, the NYSHRL, and the NYCHRL, including but not limited to the violations set forth above;

C.  Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D.  Award Plaintiff compensatory damages as a result of Defendants' violations of the NYSHRL and the NYCHRL;

E.  Award Plaintiff punitive damages in order to punish and deter the Defendants for their violations of the NYCHRL;

F.  Award Plaintiff the monetary penalties for each and every violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

G.  Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the NYSHRL and the NYCHRL;

H.  Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the ADA; and

I.  For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: July 22, 2026

23

Respectfully submitted,

**HANSKI PARTNERS LLC**


By:＿＿/s/ Robert G. Hanski＿＿＿＿＿＿＿
      Robert G. Hanski, Esq.
      Attorneys for Plaintiff
      4 International Drive, Suite 110
      Rye Brook, NY 10573
      Telephone: (212) 248-7400
      Email: rgh@disabilityrightsny.com